P. T. TAYLOR, JR., V. THE STATE.

No. 21774.  Delivered  December  3, 1941..
Rehearing  Denied  January  28, 1942.

The opinion states the case.

*Eugene F. Mathis,* of Lubbock, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted for selling beer in Floyd County contrary to law, and assessed a fine of $100.00, from which he appeals.

Bill of exception number one in the case complains of an answer to a question which was not responsive. Objection was duly made and sustained by the court, but it is the contention that the error was so inflammatory that it could not be removed by the court's ruling. Upon an examination of the statement of facts we are unable to find any reason why the answer would not have been admissible had the proper question been directed to the witness. True, he was charged with selling beer at certain premises, which he denied. The witness, who was an officer, had gone to that street number with a search warrant and did execute the same by searching the premises and found a case of wine. He was asked what he heard the appellant say on that occasion and started to give the answer by saying that after they, "shook the place down and found a case of wine there" - - -. He was probably interrupted at this point by an objection and did not finish the answer, which might have been responsive to the question. The fact that he found wine on the premises where it appears the beer was sold does not corroborate any statement made by appellant in his own behalf, it is true, but we are unable to see that it is in any sense inflammatory, as

stated, and might be admissible for the purpose of corroborating the State's testimony. At least, the court's ruling, in our opinion, was sufficient.

Bill of exception number two complains of the following statement made by the County Attorney in arguing the case: "Of course, I told him I could use that in evidence against him because he was not under arrest." This argument was objected to. The court sustained the objection and instructed the jury not to consider it. The bill does not point out the harm which this argument did and we are unable to discover any which the instruction of the court could not cure.

We find no error which the record presents.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant complains because we said in our original opinion that Bills of Exception Nos. 1 and 2 failed to reflect error. A re-examination of the bills, in the light of his contention, convinces us more firmly of the correctness of our conclusion as expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.